McKinney, J.,
delivered the opinion of the Court.
The bill seeks to have the rights of the complainant declared, under the will of her deceased father, Jacob Wilson. The testator, by his will, bequeathed to the camplainant, who was then a feme sole, certain slaves and sums of money, with direction to his executor to invest the money in young negroes for her benefit. The bequest is subject to the following provision, namely: “ The said negroes, with their increase, shall be entailed on my said daughter, Martha J., and her children, and not be taken for the debts of her husband.”
In 1848, sometime after testator’s death, the complainant intermarried with John C. Clark, who died in 1855, leaving two infant children, the issue of said marriage.
It appears that sometime after the marriage, the executor purchased two slaves, with the money of the complainant, and delivered them to her husband. .And afterwards, the executor having in his hands $1800 of the money bequeathed to complainant, instead of investing it in negroes himself, paid it over to the husband, to be by him invested pursuant to the direction of the will. In the receipts and acquittances executed, by the *338 husband to the executor, for the slaves specifically bequeathed to complainant by the will, and the two slaves purchased by the executor, and also for the money above mentioned, the former, either expressly or impliedly, acknowledges the property and money to have been received by him, subject to the provision of the testator’s will, and the rights of the complainant.
The question now is, whether, under the before recited provision of the will, said slaves and money were the separate property of the wife, for life, with remainder to her children, or vested in the husband upon his marriage with complainant.
The Chancellor decreed for the complainant, and we think correctly. It is certainly true, as a general rule, that whenever the words of a will, if applied to real property, would create an estate tail, they will, when applied to personalty, vest the absolute property in the first taker. 7 Yer., 519, 525; 9 Yer., 242.
But this rule has no application to the present case. By the use of the word “entailed,” in the clause of the will under consideration, it is not to be .supposed that it was the intention of the testator to create an entail, in the technical sense of that term. The object and intention of the testator manifestly was, to make a settlement on his daughter, to her sole and separate use, for life, free from the marital right of any future husband, with remainder to her children, in the event of a future marriage and issue. This is, beyond all doubt, the proper construction of the will. And in this view, the slaves remaining in specie will be settled accordingly, and the executor of Clark will account for the value of such, if any, as may have been converted by his *339 testator during tbe marriage; and, also, for tbe amount of money by him received, belonging to tbe complainant. The cause will be remanded for taking tbe account ordered by tbe Chancellor.
Decree affirmed.